## CHARLES DAVIS vs. CITY OF FALL RIVER.

Bristol. . October 29, 1891. — November 30, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Contract of Employment — Estoppel — Evidence for Jury.*

In an action against a city to recover for personal services from October 5, 1890, to December 5, 1890, it appeared that the plaintiff was duly employed by the defendant as a substitute schoolhouse janitor "at a salary of nine dollars per week, his term of service to begin March 2, 1889"; that on October 21, 1889, by ordinance, the tenure of office of all janitors was fixed until resignation or removal for cause; that on January 21, 1890, it was voted to require all the permanent janitors, of whom there were forty or fifty, to be present at their respective schoolhouses during school sessions unless excused, and to pay no wages except for work actually performed, and again on April 10, 1890, not to pay the plaintiff except for work actually performed by him; that on November 7, 1890, the plaintiff claimed in writing that in 1889 he was elected as a permanent janitor; and that on December 4, 1890, he was dismissed from further services as "substitute janitor." The plaintiff testified that during the period in question he did no work for anybody, but was always ready to work for the city, and was not told by any one in its behalf that his services were not wanted, and that he had no formal notice of his election as janitor under the tenure of office ordinance; and he denied having any knowledge of the vote of April 10, 1890. *Held,* that the plaintiff's original contract of employment required him to keep himself constantly ready for service, and contemplated that he should receive pay whether actually at work or not; and that whether this contract continued in force until he was dismissed on December 4, 1890, was a question of fact for the jury.

CONTRACT, to recover for personal services. Trial in the Superior Court, before *Hopkins,* J., who excluded certain evi-

dence offered by the plaintiff, and ruled that there was no evidence for the jury of the contract alleged in the declaration as made between the plaintiff and the defendant, and directed a verdict for the defendant; and the plaintiff alleged exceptions. The nature of the evidence appears in the opinion.

*J. J. McDonough*, for the plaintiff.

*E. Higginson*, for the defendant.

BARKER, J.  The declaration alleges, in substance, a contract by the defendant city to pay the plaintiff at the rate of nine dollars a week for his services as the spare janitor of its school buildings, whether he actually worked or not, and that there is due the plaintiff thereon the sum of eighty-one dollars for the period from October 5, 1890, to December 5, 1890.  He testified that during this period he did no work for anybody, but that he was always ready to work for the city if sent for, and was not told by any one on behalf of the city that his services were not wanted.  It appeared that he was originally employed by the following vote of the committee on public property, viz.: " Voted, that Charles Davis be employed as substitute janitor at a salary of nine dollars per week, his term of service to begin March 2, 1889"; and that on October 21, 1889, the city adopted an ordinance providing that " all janitors of schoolhouses or public buildings now or hereafter appointed or elected shall hold their positions until they resign therefrom, or are removed for cause shown."  The plaintiff testified that he had no notice of his election as janitor under this ordinance, except what he saw in the newspaper.  It also appeared that on January 21, 1890, the committee on public buildings adopted an order " that all school janitors be required to give their sole time and attention to the discharge of their duties as janitors, and not under any consideration to allow outside affairs to interfere with the faithful performance of such duties, and that said janitors be required to be present at their respective schoolhouses during the sessions of the schools, unless excused by the principals of the building; any failure to comply with the provisions of this order will be sufficient cause for removal"; and voted that " no wages shall be paid to janitors except for work actually performed."  On April 10, 1890, the committee voted that " Charles Davis, substitute janitor, shall not be paid except for work actually per-

formed; and that his services be not required, except at such times as may be deemed necessary and advisable by the superintendent of public buildings." But the defendant denied that this vote was communicated to him, and the evidence on this point was conflicting. There was a city ordinance giving the care and superintendence of the schoolhouses to the superintendent of public buildings, under the direction of the city council or its committee. It was in evidence that from forty to forty-five permanent janitors and one substitute janitor were employed by the city, and held their places by force of the ordinance of October 21, 1889, above quoted. It further appeared from the records of the same committee, that on November 7, 1890, a communication was received from the plaintiff stating that in 1889 he was elected as a permanent janitor, and was forced to lose considerable time in that year, and asked to have a reason therefor; and that the committee voted that he have a hearing on December 4, on which day, from information obtained by various members of the committee as to his work, and charges having been preferred against him by the superintendent of public buildings, " it was voted unanimously to dismiss substitute janitor Charles Davis from further service."

Evidence was also offered, and excluded under exception, to prove by three members of the committee that, at the meeting where the vote employing him as substitute janitor was passed, there was talk and discussion between the members to the effect that it was part of the contract, as they understood it, that he should be paid nine dollars a week, whether he actually worked or not.

The court ruled that there was no evidence of the contract alleged in the declaration, and directed a verdict for the defendant.

In the view which we take of the construction of the vote under which the plaintiff was originally employed, it is not important to decide whether the evidence of the members of the committee as to the discussion in the meeting was admissible or not.

The action of the committee on March 2, 1889, in voting to employ the plaintiff as substitute janitor, the city ordinance of October 21, 1889, fixing the tenure of office of all janitors until

resignation or removal for cause, the committee's vote of April 10, 1890, with reference to his payment and services, and its action on December 4, 1890, dismissing him from further service, were all matters competent for the jury to consider upon the question of the existence of the alleged contract, and seem to show conclusively that, up to December 5, 1890, he was in fact an employee of the city. From the evidence that the city employed from forty to forty-five permanent janitors, who were required to be present at their respective schoolhouses during the sessions of the schools unless excused, and that all school janitors were required to give their sole time and attention to the discharge of their duties as janitors, and not under any consideration to allow outside affairs to interfere with the faithful performance of such duties, coupled with the fact that the plaintiff was the only substitute and therefore liable to be called upon to act in place of either of the forty or forty-five, the jury might fairly infer that the city expected the plaintiff to abstain from other work, and to hold himself ready to act as janitor at any time, and that he should be paid whether he actually worked or not. The terms of the vote by which he was originally employed " as substitute janitor at a salary of nine dollars per week, his term of service to begin March 2, 1889," imply such a contract, in their use of the word " salary," and by fixing his term of service to commence on a day certain; and the vote of April 10, 1890, that he " shall not be paid except for work actually performed," is evidence that the original contract was that he should have his salary, whether called upon for actual work or not. If it had been undisputed that he had knowledge of this vote, and had continued his employment under it, that fact would have shown that he had no right to recover; but he denied that the vote was read to him, and there was no other evidence of notice of it to him, except perhaps what might be possibly inferred from his communication of November 7, 1890, which certainly is not conclusive upon the point.

It is urged by the defendant, that this communication of November 7, 1890, to the committee shows that he claimed to have been elected a permanent janitor, and so that under the vote of January 21, 1890, he was entitled to no compensation except for work actually performed. But the committee tried

and dismissed him from further service as substitute janitor, and the fact that he made an unfounded claim to have been elected as a permanent janitor, if that is the fair construction of his communication, which is at least doubtful, does not estop him from now contending that he was in fact, as the committee's action assumes, a substitute janitor.

We think, therefore, that there was evidence of the contract declared on, and that the direction of a verdict for the defendant was wrong.                                    *Exceptions sustained.*